**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**CASE NO.:**

**BILL BALRAM,**

      **Plaintiff,**

**vs.**

**EVERGLADES COLLEGE, INC. d/b/a KEISER UNIVERSITY**

      **Defendant.**

_____/

## COMPLAINT

Plaintiff, BILL BALRAM, by and through the undersigned counsel, hereby sues Defendant, EVERGLADES COLLEGE, INC. d/b/a KEISER UNIVERSITY, and alleges as follows:

## JURISDICTION, PARTIES, VENUE

1. This is an action for damages and equitable relief arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. §621, et seq.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 because this action arises under the laws of the United States.

3. Venue is proper in the Middle District of Florida because the unlawful employment practices alleged herein occurred in Lee County, Florida, where Plaintiff was employed.

4. Plaintiff, BILL BALRAM ("Plaintiff") is a seventy-two (72) year old male, a resident of Lee County, Florida.

5.   At all times material hereto, Defendant, EVERGLADES COLLEGE, INC. d/b/a KEISER UNIVERSITY ("Defendant") is Foreign Profit Corporation authorized to conduct business in the State of Florida and in Broward County, Florida.

6.   Defendant maintained its corporate headquarters in Fort Lauderdale, Florida, while Plaintiff worked at Defendant's Fort Myers campus.

7.   At all times material hereto, Defendant was an employer within the meaning of Title VII and the ADEA and employed more than fifteen (15) employees for each working day in each of twenty (20) or more calendar weeks during the relevant period.

8.   At all times material hereto, Defendant was engaged in an industry affecting commerce within the meaning of Title VII and the ADEA.

9.   Plaintiff timely filed a Charge of Discrimination with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission alleging discrimination based upon sex and age.

10. Plaintiff exhausted all administrative conditions precedent prior to filing this action.

11. Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission.

12. This action has been timely filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13. Plaintiff is a seventy-two (72) year-old individual who was employed by Defendant as a Financial Aid Officer from approximately January 5, 2020, through March 7, 2025.

14. Throughout his employment, Plaintiff consistently performed his job duties in a satisfactory and competent manner.

15. At all relevant times, Defendant was aware of Plaintiff's age.

16. Throughout his employment, Plaintiff sought opportunities for advancement within Defendant's organization.

17. Despite his qualifications, experience, longevity with Defendant, and satisfactory performance, Plaintiff was denied advancement opportunities.

18. Instead, during his employment Plaintiff noticed Defendant repeatedly promoted substantially younger employees to management positions, including Assistant Director and Director, while denying Plaintiff similar advancement opportunities despite his greater tenure and experience.

19. For example, Defendant promoted Cynthia Dizon and Ruth Morland to Assistant Director positions after approximately one and one-half years of employment.

20. Defendant also promoted Patricia Reyna-Tibbs, who was in her early twenties, first to Assistant Director and later to Director within a relatively short period of time.

21. Plaintiff possessed substantially more experience than Ms. Reyna-Tibbs at the time of those promotions.

22. Plaintiff also possessed educational qualifications that exceeded those of certain individuals selected for promotional opportunities.

23. For example, Plaintiff held a Bachelor's Degree, while Defendant promoted individuals such as Cinthia Dizon despite her not possessing even an Associate of Arts degree.

24. During or about July 2022, Plaintiff met with then-Campus President Amy Trepovich and expressed his interest in applying for an Assistant Director position.

25. Despite expressing his interest, Plaintiff was neither permitted to apply nor considered for the position, and Defendant did not provide Plaintiff with an explanation regarding the selection process or the reasons he was not considered.

26. Defendant continued promoting younger female employees while denying Plaintiff similar opportunities.

27. Upon information and belief, Defendant frequently posted promotional positions only briefly before quickly filling them with younger female candidates.

28. The promotional process lacked transparency and afforded Plaintiff little or no meaningful opportunity to compete.

29. During 2024, Plaintiff sought to transfer to Defendant's Fort Lauderdale campus.

30. Plaintiff requested guidance concerning available transfer opportunities. Rather than assisting Plaintiff, management responded in a hostile and verbally abusive manner.

31. On or about October 22, 2024, Plaintiff contacted Tiffany Rozich from Human Resources seeking assistance regarding an available position in Fort Lauderdale.

32. Tiffany Rozich informed Plaintiff that he was prohibited from applying directly for the position. Instead, Plaintiff was instructed that he first needed permission from his direct supervisor.

33. Tiffany Rozich further advised Plaintiff that Plaintiff's supervisor would discuss the matter with the Campus President before approval could even be sought from higher management.

34. Plaintiff was informed that only after multiple levels of management approved the request would he be permitted to submit an application.

35. On or about November 6, 2024, Plaintiff submitted an email expressing concerns regarding the treatment he was receiving in connection with his transfer request. Plaintiff submitted a formal

grievance to Human Resources concerning what he believed to be discriminatory treatment, the denial of promotional opportunities, and his workplace concerns.

36. Defendant failed to adequately investigate or remedy Plaintiff's concerns.

37. Instead, Plaintiff continued experiencing discriminatory treatment.

38. On or about January 10, 2025, Plaintiff advised Defendant that he was suffering emotionally and psychologically because of issues created by his work environment.

39. On or about February 10, 2025, Plaintiff met with Ms. Amy Trepovich and Mr. Lapanaitis to discuss his workplace concerns, including promotional opportunities, his transfer request, and what Plaintiff believed was unequal treatment compared to substantially younger employees.

40. As Plaintiff's health deteriorated during the course of these events, Plaintiff requested leave under the Family and Medical Leave Act.

41. Although Defendant ultimately approved Plaintiff's request for leave, Plaintiff's FMLA paperwork reflected only his physical back condition and did not fully capture the emotional impact Defendant's discriminatory conduct had caused.

42. Defendant's discriminatory conduct continued to affect Plaintiff's physical and emotional well-being.

43. Plaintiff reasonably believed Defendant had no intention of providing him equal promotional opportunities because of his sex and age.

44. Therefore, on or about March 7, 2025, Plaintiff submitted a written resignation explaining that he was resigning because of ongoing workplace concerns, including what he believed to be discriminatory treatment and a work environment that had become detrimental to his health.

45. Plaintiff's resignation constituted a constructive discharge.

46. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered lost wages, lost earning capacity, loss of employment benefits, emotional pain and suffering, mental anguish, humiliation, inconvenience, and other compensatory damages.

## COUNT I
### *Age Discrimination in Violation of the ADEA*

47. Plaintiff re-alleges and incorporates by reference paragraphs 9 through 19, 20 through 29, 31 through 45,  as if fully set forth herein.

48. At all relevant times, Plaintiff was over forty (40) years of age and, specifically, seventy-one (71) years old during the events giving rise to this action. Plaintiff was therefore a member of the class protected by the Age Discrimination in Employment Act,.

49. Plaintiff was qualified for his position as Financial Aid Officer, satisfactorily performed the essential functions of his position, and met Defendant's legitimate performance expectations throughout his employment.

50. Defendant denied Plaintiff promotional opportunities, refusing to consider him for management positions, denying him equal opportunities for advancement, and ultimately constructively discharging him.

51. Instead of promoting Plaintiff, Defendant promoted substantially younger employees who possessed less tenure, less institutional experience, and qualifications comparable to or inferior to Plaintiff's qualifications.

52. Defendant was aware of Plaintiff's age throughout his employment and nevertheless treated Plaintiff less favorably than substantially younger employees with respect to promotional opportunities and advancement.

53. Plaintiff alleges that, but for his age, Defendant would not have denied him promotional opportunities, refused to consider him for advancement, or otherwise treated him differently with

respect to the terms, conditions, and privileges of his employment.

54. Despite Plaintiff's repeated complaints concerning the denial of promotional opportunities and unequal treatment, Defendant failed to conduct a meaningful investigation or take corrective action.

55. As a result of Defendant's conduct, Plaintiff suffered loss of earnings, lost promotional opportunities, lost employment benefits, emotional distress, humiliation, and deterioration of his physical and mental health.

56. Plaintiff further alleges that Defendant either knew, or showed reckless disregard for whether, its conduct violated the Age Discrimination in Employment Act, thereby entitling Plaintiff to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay or reinstatement, liquidated damages under the ADEA, prejudgment interest, attorneys' fees and costs where authorized, and such other relief as the Court deems just and proper.

## COUNT II

### *Sex Discrimination in Violation of Title VII*

57. Plaintiff re-alleges and incorporates by reference paragraphs 9 through 14, 16 through 17, 20 through 45,  as if fully set forth herein.

58. Plaintiff is a member of a protected class because he is male.

59. Plaintiff was qualified for his position and for the promotional opportunities he sought.

60. Defendant denied Plaintiff promotional opportunities and subjected Plaintiff to disparate treatment because of his sex.

61. Defendant treated similarly situated female employees more favorably by promoting them into Assistant Director, Director, and other management positions for which Plaintiff was

qualified.

62. Female employees, including Patricia Reyna-Tibbs, Cynthia Dizon, and Ruth Morland, were promoted despite possessing qualifications and experience inferior to Plaintiff's.

63. Defendant's preference for promoting female employees over similarly or more qualified male employees was further evidenced by management's refusal to permit Plaintiff to compete fairly for promotional opportunities.

64. Defendant's discriminatory treatment culminated in Plaintiff's constructive discharge.

65. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff suffered lost wages, lost employment benefits, emotional distress, humiliation, mental anguish, and other compensatory damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, back pay, front pay or reinstatement, attorneys' fees and costs pursuant to Title VII, prejudgment interest, equitable relief, and such further relief as the Court deems just and proper.

<strong>JURY DEMAND</strong>

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: July 2, 2026

Respectfully submitted,
By: */s/ Maria Lopez*
Maria Lopez, Esq.
Florida Bar No. 1010761
GALLARDO LAW OFFICES, P.A.
Attorneys for Plaintiff
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Email: maria.lopez@gallardolawyers.com
employment@gallardolawyers.com
efiling@gallardolawyers.com